*In re* JOHNNY CRUZ RAMOS.

*Número*: 5613                   *Resuelto*: 25 de octubre de 1991

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías*, en informe.

PER CURIAM: El 21 de febrero de 1991, mediante opinión *per curiam*, suspendimos al Lcdo. Johnny Cruz Ramos del ejercicio de la notaría por el término de un (1) año por incumplir su obligación de rendir índices. Con motivo de dicha suspensión, el 28 de febrero de 1991 el Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, se incautó de su obra notarial.

Efectuada la inspección correspondiente de los Protocolos de 1983, 1984, 1985, 1986, 1987, 1988, 1989 y 1991, éstos arrojaron unas deficiencias en sellos de Rentas Internas, asistencia legal e impuesto notarial ascendentes a $8,332.50. En diversas ocasiones requerimos del licenciado Cruz Ramos que las subsanara. Únicamente cubrió fallas por el valor de $426 correspondientes al Protocolo de 1983. Al día de hoy los esfuerzos realizados para subsanar los $7,906.50 restantes han sido infructuosos.

Referido el asunto a nuestra consideración, concedimos al licenciado Cruz Ramos término para que compareciera a mostrar causa por la cual no deberíamos suspenderlo del ejercicio de la profesión de abogado hasta tanto subsanara las deficiencias antes aludidas y demostrara ser acreedor a ser readmitido. Han transcurrido más de tres (3) meses sin acción de su parte.

En diversas instancias hemos reiterado "que la obligación de cancelar sellos en los instrumentos públicos es de estricto cumplimiento y su omisión expone al notario a sanciones disciplinarias". *In re Duprey Maese*, 125 D.P.R. 336, 339 (1990), y casos allí citados. Aquí, las deficiencias son graves y debieron ser subsanadas diligentemente. Ante

la inacción del notario Cruz Ramos, el único curso de acción es decretar su suspensión del ejercicio de la abogacía.

*Se dictará la correspondiente sentencia.*