*In re* ROSA JUSINO LÓPEZ.

*Número:* TS–7776          *Resuelto:* 13 de marzo de 1998

*Carmen H. Carlos,* en informe; *Rosa Jusino López, pro se.*

PER CURIAM: El 21 de noviembre de 1997, la Directora de la Oficina de Inspección de Notarías (en adelante la Directora) nos sometió un informe sobre la obra notarial de la abogada-notaria Rosa Jusino López. En dicho informe indicó lo que a continuación relatamos.

El 26 de agosto de 1997 se comunicó con la licenciada Jusino López sobre su incumplimiento con la presentación de los Índices Notariales dentro del término reglamentario. En esa ocasión le solicitó la presentación de los Índices Notariales de marzo, abril, septiembre y diciembre de 1996. Aproximadamente un (1) mes más tarde, la notaria cumplió con la presentación solicitada. Como excusa por su incumplimiento con los términos establecidos por ley expresó lo siguiente:

> Conforme a nuestra tarjeta de control nos aparece enviado, pero al constatar este hecho por la atención que su carta exige, nos percatamos que no aparece las copias en los expedientes, por lo que hemos procedido anejar original y copia a la presente de los Índices solicitados junto a un sobre pre dirigido a los efectos de recibir las copias radicadas.

El 4 de noviembre de 1997, funcionarios de la Oficina de Inspección de Notarías (en adelante la Oficina) trajeron a la atención de la Directora que la notario Jusino López no había presentado los Índices Notariales de febrero y julio de 1997 y, además, que presentó tardíamente y sin la correspondiente moción explicativa los Índices Notariales de abril y mayo de ese mismo año.

Del expediente de la notaria también surge que ésta no es la primera ocasión que la Oficina le ha tenido que requerir el envío de los Índices Notariales a tiempo. Tampoco es la primera vez que al remitir tardíamente ha habido que requerir la moción explicativa correspondiente. El 22 de

agosto de 1991 el anterior Director de la Oficina, el Lcdo. Govén D. Martínez Surís, le hizo un señalamiento a la notaria Jusino López sobre su costumbre de presentar los Índices Notariales tardíamente y con excusas inaceptables. En esa ocasión se le advirtió de las posibles consecuencias de su incumplimiento.

El 19 de diciembre de 1997 le concedimos a la notaria un término para que presentase a la Oficina los Índices Notariales de febrero y julio de 1997 con la correspondiente moción explicativa y las mociones explicativas para la presentación tardía de los Índices Notariales de abril y mayo de 1997. Dentro de dicho término también debía enviar el original del Índice Notarial de septiembre de 1997. Además, le indicamos que tenía que comparecer ante este Tribunal y mostrar causa por la cual no debería ser disciplinada.

El 30 de diciembre compareció la notaria Jusino López. Nos informó que ya le había presentado a la Directora todo los documentos solicitados. En cuanto a la mostración de causa, indicó que el incumplimiento se debió a irregularidades en su oficina, las cuales no explicó y errores de sus subalternos, los cuales tampoco especificó. Expresó que asumía la responsabilidad por las causas del incumplimiento.

El 30 de enero concedimos un término a la Directora para que se expresara sobre lo informado por la notaria Jusino López. El 17 de febrero la Directora compareció. Nos informó que la notaria había cumplido con los requerimientos contenidos en su informe de 21 de noviembre de 1997. Recalcó sin embargo, que tuvo que enviar este asunto a nuestra atención debido a que la notaria no contestó los múltiples requerimientos que le hiciera su Oficina. No fue sino hasta después de que este Tribunal le ordenó el cumplimiento mediante resolución, que la licenciada Jusino López presentó los Índices Notariales que faltaban y las excusas por la presentación tardía.

# I

El Art. 12 de la Ley Núm. 75 de 2 de julio de 1987, según enmendada, conocida por la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023, dispone:

Los notarios remitirán a la Oficina del Director de Inspección de Notarías de Puerto Rico un índice mensual sobre sus actividades notariales, no más tarde del décimo día calendario del mes siguiente al mes informado, en el que harán constar respecto a las escrituras matrices y los testimonios por ellos autorizados en el mes precedente, los números de orden de éstos, los nombres de los comparecientes, la fecha, el objeto del instrumento o del testimonio y el nombre de los testigos, de haber comparecido alguno.

En dicho informe el notario deberá certificar haber remitido al Departamento de Hacienda las planillas que se requiere remitir a tenor con la sec. 2022 de este título.

De no haber tenido actividad notarial durante algún mes, el notario enviará a la Oficina del Director de Inspección de Notarías un informe negativo para ese mes.

Por su parte, la Regla 12 del Reglamento Notarial de Puerto Rico de 1ro agosto de 1995 (4 L.P.R.A. Ap. XXIV (Sup. 1997)), dispone:

El índice mensual sobre actividad notarial debe contener la dirección física y el teléfono de la oficina notarial.

Si el término límite de diez (10) días naturales siguientes al mes informado para remitir el índice mensual fuere sábado, domingo, día feriado o, por disposición de autoridad competente, estuviere cerrada la Oficina de Inspección de Notarías, éste será considerado extendido hasta el próximo día laborable.

En caso de error u omisión en el índice mensual sobre actividad notarial, el notario deberá someter un índice mensual enmendado con la correspondiente explicación conforme al procedimiento para presentación tardía.

En el caso de presentación tardía del índice notarial, el Director de la Oficina de Inspección de Notarías podrá requerir al notario que explique la tardanza y someta cualquier otra información que él estime conveniente.

El Director de la Oficina de Inspección de Notarías podrá aceptar la explicación ofrecida y apercibir al notario respecto al estricto cumplimiento de sus obligaciones como tal en el futuro.

En los casos que lo estime apropiado, podrá presentar un informe al Tribunal Supremo de Puerto Rico sobre este particular.

■ Reiteradamente hemos resuelto que no rendir los Índices Notariales dentro del término establecido por ley constituye una conducta ilegal que puede acarrear la imposición de medidas disciplinarias. *In re Garay Texidor*, 142 D.P.R. 220 (1997); *In re Santiago Arroyo*, 132 D.P.R. 239 (1992). La inobservancia en la presentación de los Índices Notariales mensuales constituye una desviación de lo exigido por ley. La omisión de enviarlos dentro del término establecido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a desviación de la fe pública de que están investidos los notarios. *In re Alvarado Tizol*, 122 D.P.R. 587 (1988); *In re Colón de Zengotita*, 116 D.P.R. 303, 305 (1985). El notario debe tener presente que la obligación que impone la ley de rendir los Índices Notariales es de estricto cumplimiento. Su incumplimiento coloca al notario en el umbral de la incapacidad para ejercer el notariado. *In re Rivera Lassen*, 116 D.P.R. 325 (1985).

■ Es el deber de todo abogado-notario prestar pronta atención y cumplir diligentemente con los requerimientos que le haga la Oficina, ya sean éstos verbales o escritos y estén o no firmados por la Directora o por los funcionarios autorizados por ésta. Véanse los Comentarios a la Regla 12 de Reglamento Notarial de Puerto Rico de 1ro agosto de 1995 (4 L.P.R.A. Ap. XXIV (Sup. 1997)).

## II

En el caso de la abogada-notaria Jusino López, ésta reiteradamente ha dejado de cumplir con su deber de rendir los Índices Notariales dentro del término establecido por la ley. También ha omitido presentar la moción explicativa cuando ha presentado tardíamente los Índices Notariales. La notaria Jusino López tampoco ha cumplido diligente-

mente con los requerimientos de la Oficina. Fue necesaria nuestra intervención para que ésta finalmente cumpliera con su deber legal de presentar los Índices Notariales y las mociones explicativas correspondientes. Cabe señalar, además, que según surge del expediente de dicha notaria, esta no es la primera vez que se le advierte de su incumplimiento con la presentación en tiempo de los Índices Notariales y se le apercibe de las posibles consecuencias disciplinarias.

## III

Por todo lo antes expuesto, *se suspende a la abogada-notaria Rosa Jusino López del ejercicio de la notaría por el término de dos (2) meses, contados desde la notificación de esta opinión per curiam y hasta que otra cosa disponga este Tribunal. Se le apercibe a la licenciada Jusino López de que en el futuro deberá prestar pronta atención y cumplir diligentemente con los requerimientos que le haga la Oficina de Inspección de Notarías. También rendirá a tiempo los Índices Notariales. Futuros incumplimientos y desatención a los requerimientos de dicha oficina podrían acarrear sanciones más severas.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.