*In re* CHARLES FIGUEROA ÁLVAREZ.

*Número:* TS-1821                    *Resuelto:* 18 de agosto de 2003

*Charles E. Figueroa Álvarez, pro se.*

PER CURIAM: El 2 de abril de 2003, la Directora de la Oficina de Inspección de Notarías nos rindió un informe mediante el cual sometió a nuestra consideración el *incumplimiento reiterado* del Lcdo. Charles E. Figueroa Álvarez con *su obligación de remitir sus índices notariales mensuales.*

En específico, nos informó que el notario no había presentado los índices correspondientes a *once meses (de febrero a diciembre de 2000)* y a *siete meses (de enero a julio de 2001)*. Nos informó, además, que el 23 de octubre de 2002 se le había requerido al licenciado Figueroa Álvarez que rindiera los informes referidos, junto con alguna explicación por su tardanza en hacerlo, y *que el notario había hecho caso omiso de ese requerimiento.*

Examinado el informe referido de la Directora de la Oficina de Inspección de Notarías, el 30 de mayo de 2003, mediante una resolución, le concedimos una término al licenciado Figueroa Álvarez para que mostrara causa, si alguna tuviera, por la cual no debía ser suspendido del ejercicio profesional por su craso incumplimiento con su deber notarial. Le instruimos, además, para que dentro de ese mismo término rindiera los índices notariales adeudados.

Nuestra resolución le fue notificada personalmente, por conducto de un alguacil del Tribunal el 6 de junio de 2003.

El licenciado Figueroa Álvarez entregó finalmente los índices notariales, según se le había ordenado. Sin embargo, *incumplió con nuestra resolución al no mostrar causa por la cual no debía ser disciplinado.* Aparentemente no tiene nada que decir sobre el particular.

Pasamos a resolver, según lo intimado.

II

Reiteradamente hemos resuelto que la omisión de rendir índices notariales es una falta grave a los deberes del notario, que apareja la aplicación rigurosa de sanciones disciplinarias. Véanse: *In re Feliciano Rodríguez,* 147 D.P.R. 275 (1998); *In re Jusino López,* 145 D.P.R. 52 (1998); *In re Garay Texidor,* 142 D.P.R. 220 (1997); *In re Torres Cruz,* 139 D.P.R. 40 (1995); *In re Valcourt Cruz,* 138 D.P.R. 528 (1995); *In re Santiago Gauthier,* 137 D.P.R. 857 (1995); *In re Bray Leal,* 137 D.P.R. 816 (1995); *In re Castrillón Ra-*

*mírez*, 137 D.P.R. 459 (1994); *In re Santiago Arroyo*, 132 D.P.R. 239 (1992); *In re Cruz Ramos*, 129 D.P.R. 377 (1991); *In re Nogueras Cartagena*, 127 D.P.R. 574 (1990).

En el caso de autos, el licenciado Figueroa Álvarez ha incurrido en la grave y reprensible falta referida, a pesar de habérsele requerido que cumpliera con su deber. Más aún, no ha justificado de forma alguna su craso incumplimiento con sus obligaciones como notario.

Debemos señalar, además, que no es la primera vez que el licenciado Figueroa Álvarez viola el ordenamiento notarial. Anteriormente lo habíamos amonestado por otra violación y lo apercibimos de que en el futuro debía cumplir estrictamente con sus deberes como notario (*In re Figueroa Álvarez*, 155 D.P.R. 875 (2001)), *cosa que no ha hecho.*

Es evidente que el licenciado Figueroa Álvarez no tiene interés en cumplir a cabalidad sus deberes notariales y nuestras instrucciones sobre el particular. Por ello, *procede que se le suspenda indefinidamente del ejercicio de la notaría. El Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial del abogado suspendido, debiendo entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López no intervinieron.