EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Juan Sáez Burgos | 2004 TSPR 26 <br><br> 161 DPR _____ |

Número del Caso: TS-4464


Fecha: 30 de enero de 2004



Oficina de Inspección de Notarías:

>           Lcda. Carmen H. Carlos
>           Directora



Abogado de la Parte Peticionaria:
>           Por Derecho Propio


 Materia: Conducta Profesional
>           (La suspensión será efectiva el 11 de febrero  de 2004
>           fecha en que se le notificó al abogado de su suspensión
>           inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Sáez Burgos                    TS-4464


PER CURIAM


San Juan, Puerto Rico, a 30 de enero de 2004.

En el recurso de marras nos corresponde pasar juicio sobre la conducta de un abogado que omitió radicar numerosos índices notariales ante la Oficina de Inspección de Notarías (en adelante, "ODIN") y que incumplió con los requisitos legales que imponen notificar cualquier cambio de la dirección residencial o de la oficina notarial.

I

El 2 de abril de 2002, la Directora de la ODIN, Lcda. Carmen H. Carlos, (en adelante, la "Directora") refirió ante nuestra consideración el expediente del abogado de epígrafe debido a su incumplimiento reiterado

con la obligación de remitir índices notariales mensuales sin haber acreditado las razones para ello. Específicamente, el Lic. Juan Sáez Burgos había omitido radicar los índices correspondientes a los meses de abril, agosto, octubre y noviembre de 1998; marzo, octubre y noviembre de 1999; enero, julio y agosto de 2000; enero, marzo a diciembre de 2001, y desde esa fecha al presente.

En su Informe, la Directora señaló además que la dirección que informa el Colegio de Abogados de ese notario es diferente a la que aparece en el récord de la Oficina de Inspección de Notarías, sin que se haya notificado cambio alguno de dirección.

Luego de examinar el Informe de la Directora de la ODIN, y en vista del continuo incumplimiento con la Ley Notarial, el Reglamento y la jurisprudencia, el 30 de mayo de 2003 se le concedió un término de veinte (20) días al licenciado de epígrafe para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Dentro de dicho término, el referido abogado venía obligado además a notificar su nueva dirección y rendir los índices notariales adeudados.

El 14 de julio de 2003 el licenciado Sáez Burgos compareció ante nos y expresó que el 5 de junio de ese mismo año había presentado ante la ODIN todos los informes mensuales atrasados. Asimismo, y según fuere requerido, incluyó su dirección postal nueva.

En cuanto a su incumplimiento con las exigencias de la Ley Notarial y el correspondiente Reglamento expuso, en síntesis, que en los últimos cinco (5) o seis (6) años había estado inmerso escribiendo una novela y publicando una Antología de su obra poética, "lo que abonó al empeño solitario de escribir, escribir, escribir y abstraerme". Sostuvo que dicho ejercicio lo consumió y lo abstrajo de la realidad, y no fue hasta que recibió la carta del 2 de abril de 2003 de la Directora de la ODIN que retornó a su realidad social y profesional.

En su escrito, el licenciado Sáez Burgos expuso que desea practicar la profesión de la abogacía y la notaría y que su traspié se debió a una "semi locura temporera de cinco años o más...pero que ya pasó". Por último, explicó que la carta del 2 de diciembre de 2002 nunca llegó a sus manos, aunque reconoce que ello no constituye una excusa.

Vista la comparecencia presentada por el licenciado Sáez Burgos, se le concedió a la Directora de la ODIN un término de veinte (20) días para que se expresara en torno a la misma. En su Moción Informativa y en Cumplimiento de Orden, la Lcda. Carmen H. Carlos reiteró el contenido de su Informe del 2 de abril de 2003 en cuanto a que la omisión de rendir índices notariales es una falta grave a los deberes que le impone al notario que acarrea la aplicación rigurosa de sanciones disciplinarias.

Por último, señaló la Directora que, a pesar de que en su escrito el notario se comprometió a ser más cuidadoso en la gestión notarial, había vuelto a incurrir en la práctica de radicar tardíamente los índices notariales, toda vez que no presentó el informe correspondiente al mes de agosto de 2003.

Una vez más le concedimos término al licenciado Sáez Burgos para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la notaría. El referido licenciado compareció oportunamente ante nos y, entre otros asuntos, señaló que se reiteraba en su deseo de que no se le retirara del ejercicio de la notaría y en su compromiso de cumplir cabalmente con el envío de los informes mensuales.

En cuanto al señalamiento de la Directora de la ODIN de que no se había presentado el informe mensual de agosto de 2003, señaló que lo había enviado por correo regular y que la carta no le había sido devuelta. No obstante, y con el fin de aclarar dicha situación, se disponía llevar personalmente dicho informe a la ODIN.

Por último, el licenciado enfatizó el hecho de que todos los informes atrasados, eran informes negativos. Es decir, no hubo otorgantes de ningún tipo, terceros involucrados ni la posibilidad de afectar a persona alguna con su descuido.

Examinadas todas las comparecencias, resolvemos.

II

La obligación de rendir índices notariales mensuales y notificar cambios de dirección surge de los artículos 7 y 12 de la Ley Notarial, 4 L.P.R.A. 2011 y 2023, las Reglas 11 y 12 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R.11 y 12, y la Regla 13 del Reglamento del Tribunal Supremo, 4 L.P.R.A Ap.XXI R.13. Dichas obligaciones son de cumplimiento estricto.

En reiteradas ocasiones hemos señalado que, la omisión de rendir índices notariales es una falta grave a los deberes que le impone al notario la investidura de la fe pública notarial, cuya conducta es reprensible y merecedora de la aplicación rigurosa de sanciones disciplinarias. In re Cruz Ramos, 129 D.P.R. 377 (1991); In re Nogueras Cartagena, 127 D.P.R. 574 (1990); In re Santiago Arroyo, 132 D.P.R. 239 (1992); In re Castrillón Ramírez, 137 D.P.R. 459 (1994); In re Bray Leal, 137 D.P.R. 816 (1995). Según hemos señalado, falta a su deber ministerial el notario que reiteradamente incumple con su obligación de presentar los índices mensuales dentro del término establecido por ley, que omite presentar una oportuna moción explicativa cuando ha presentado tardíamente los referidos índices y que no cumple diligentemente con los requerimientos de la Oficina de Inspección de Notarías, siendo necesaria la intervención del Tribunal para que éste cumpla finalmente con su deber legal de presentar los índices notariales y las mociones

explicativas correspondientes. In re Jusino López, 145 D.P.R. 52 (1998).

Hemos expresado además que no es justificación válida para el incumplimiento de las obligaciones impuestas por la Ley y el Reglamento Notarial el hecho de que los índices a ser rendidos fueran negativos, ni que el notario haya dejado de ejercer la abogacía y el notariado. In re Hernández Ramirez, 120 D.P.R. 366 (1998). **Es decir, el hecho de que el notario haya tenido poca o ninguna actividad notarial no le exime de rendir los índices mensuales.** In re Cruz Ramos, *supra*.

Por otro lado, hemos señalado que cualquier cambio de residencia o de oficina notarial debe ser notificada inmediatamente a la Secretaria de este foro y a la Directora de la ODIN dentro de los cinco (5) días siguientes a la fecha del cambio. Ello es una medida necesaria adoptada por este foro en su función rectora constitucional de regular el ejercicio de la notaría, la cual está investida de carácter público. Dicha medida tiene como propósito proveer un mecanismo simple y económico de comunicación ante el aumento en espiral que ha experimentado en los últimos años la profesión de abogado. In re Serralles III, 118 D.P.R. 494 (1987).

Nuestro ordenamiento, *in fine*, impone a todo abogado la obligación de notificar cualquier cambio en su dirección postal. Así lo exigen la naturaleza y confianza pública que

conlleva la abogacía y su reglamentación por este foro. Cuando la omisión del abogado de mantener al día su dirección obstaculiza sustancialmente una adecuada canalización del ejercicio de nuestra jurisdicción disciplinaria o su labor investigativa, ello de por sí, podría justificar, como medida auxiliadora, una suspensión temporal. In re Serralles III, *supra*.

III

En el caso de autos, el licenciado Sáez Burgos desatendió su deber legal y dejó de rendir numerosos índices notariales entre el año 1998 y el 2003. Además, incumplió con los postulados de nuestro ordenamiento que exigen notificar cualquier cambio de dirección residencial, postal o de oficina notarial.[1]

Si bien es cierto que el licenciado Sáez Burgos da muestras dables de su interés de proseguir con su carrera como abogado, no menos cierto es que la infracción notarial se extendió, de forma interrumpida, por un período de cinco (5) años. Las razones ofrecidas por el licenciado Sáez Burgos para justificar su infracción no son suficientes para contravenir nuestra función disciplinaria.

El notariado es una profesión de tiempo, que requiere dedicación, esfuerzo, cuidado, diligencia y tesón, y que ha

---

[1] En cuanto al señalamiento de la Directora de la ODIN sobre la omisión de presentar el índice notarial de agosto de 2003, se apercibe al licenciado Sáez Burgos que en un futuro se asegure que dicho índice fue recibido en las oficinas correspondientes.

de ser ejercitada con un alto grado de responsabilidad y de excelencia, so pena de consecuencias negativas para el Notario y, en ocasiones, para los otorgantes y para la sociedad en general. *El Derecho Notarial Puertorriqueño*, Sarah Torres Peralta, Ed. Especial 1995, San Juan, P.R.

Todo notario que en su vida profesional no tenga actividad notarial, debe renunciar al notariado o tomar las medidas correspondientes para rendir puntualmente sus índices mensuales. Reiteramos que, el hecho de que sus índices notariales sean negativos, no significa que puedan incumplir impunemente con su obligación de someter dichos informes con la puntualidad y regularidad que exigen la Ley Notarial y su correspondiente Reglamento, *supra*.

Nuestros pronunciamientos son claras señales de una política judicial encaminada a lograr la máxima excelencia en todas las áreas del quehacer notarial.

Por los fundamentos expuestos resolvemos suspender inmediatamente al licenciado Juan Sáez Burgos del ejercicio de la notaría por un período indefinido. Y se le apercibe que en el futuro deberá cumplir estrictamente con el ordenamiento deontológico.

El Alguacil del Tribunal Supremo procederá a incautarse de su obra y sello notarial, debiendo entregar los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e Informe a este Tribunal.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Juan Sáez Burgos                     TS-4464




SENTENCIA


San Juan, Puerto Rico, a 30 de enero de 2004.


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se suspende inmediatamente al Lic. Juan Sáez Burgos del ejercicio de la notaría por un período indefinido.

El Alguacil del Tribunal Supremo procederá a incautarse de su obra y sello notarial, debiendo entregar los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e Informe a este Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Corrada del Río no intervienen.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo