EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Salvador Tió Fernández | 2004 TSPR 25<br><br>160 DPR ____ |

Número del Caso: TS-3961


Fecha: 10 de febrero de 2004


Oficina de Inspección de Notarías:

                  Lcda. Carmen H. Carlos
                  Directora


Abogado de la Parte Peticionaria:
                  Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión será efectiva el 20 de febrero de 2004 fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Salvador Tió Fernández                    TS-3961

PER CURIAM

San Juan, Puerto Rico, a 10 de febrero de 2004.

El licenciado Salvador Tió Fernández fue admitido al ejercicio de la abogacía el 16 de diciembre de 1971 y a la práctica de la notaría el 29 de mayo de 1973.

El 30 de junio de 2003 la Directora de la Oficina de Inspección de Notarías nos rindió un informe sobre el reiterado incumplimiento del licenciado Tió Fernández en su obligación de rendir sus índices notariales, a tenor con lo dispuesto en el Artículo 12 de la Ley Notarial de

Puerto Rico[1] y la Regla 12 del Reglamento Notarial de Puerto Rico.[2]

El 12 de septiembre de 2003 emitimos resolución concediéndole un término de treinta (30) días al licenciado Tió Fernández para rendir los índices notariales mensuales correspondientes al mes de octubre de 1998 y desde esa fecha al presente. Se le concedió, además, un término de veinte (20) días para mostrar causa por la cual no deba ser suspendido de la notaría.[3] No obstante, el licenciado Tío Fernández incumplió con ambos requerimientos.

Reiteradamente hemos expresado que la omisión de rendir índices notariales es una falta grave a los deberes que le impone al notario la investidura pública notarial. Puntualizamos, nuevamente, que esa conducta es reprensible y merecedora de la aplicación rigurosa de sanciones disciplinarias.[4]

Del mismo modo, hemos intimado que los abogados tienen la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal y que no toleraremos la

---

[1] 4 L.P.R.A. sec. 2023.

[2] 4 L.P.R.A. Ap. XXIV.

[3] Dicha resolución fue notificada personalmente al querellado con copia de la misma, a su dirección, Condominio El Dorado Apartamento 5-B, Calle Trigo 563, Santurce, P.R. 00907.

[4] *In re Feliciano Rodríguez*, 147 D.P.R. 275 (1998); In re Prieto Ferrer, 147 D.P.R. 113 (1998); *In re Jusino López*, 145 D.P.R. 52 (1998); *In re Garay Texidor*, 142 D.P.R. 220 (1997); *In re Torres Cruz*, 139, D.P.R. 40 (1995); *In re Valcourt Cruz*, 138 D.P.R. 528 (1995); *In re Santiago Gauthier*, 137 D.P.R. 857 (1995); *In re Bray Leal*, 137 D.P.R. 816 (1995); In re Castrillón Ramírez, 137 D.P.R. 459 (1994); *In re Santiago Arroyo*, 132 D.P.R. 239 (1992); *In re Nogueras Cartagena*, 127 D.P.R. 574 (1990); *In re Cruz Ramos*, 129 D.P.R. 377 (1991).

incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con órdenes de este Tribunal.[5]

Por las razones antes expresadas, procede separar, de forma inmediata e indefinida, del ejercicio de la profesión de la notaría del licenciado Salvador Tió Fernández, hasta que otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir actuando como notario público, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión como notario público a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes, notificando, además, al Procurador General.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de licenciado Salvador Tió Fernández, incluyendo su sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se le apercibe al querellado que en el futuro seremos mas severos con el incumplimiento de sus obligaciones profesionales.

Se dictará Sentencia de conformidad.

---

[5] *In re Guemárez Santiago I*, 146 D.P.R. 27, 29 (1998).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Salvador Tió Fernández                    TS 3961


SENTENCIA

San Juan, Puerto Rico, a 10 de febrero de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la notaría de Salvador Tió Fernández, a partir de la notificación de esta Opinión Per Curiam y hasta que otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir actuando como notario público, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión como notario público a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Salvado Tió Fernández, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Notifíquese personalmente al querellado con copia de la Opinión que antecede y de esta sentencia. El Juez Asociado señor Rebollo López no intervino. El Juez Asociado señor Hernández Denton inhibido.


                        Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo