EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br>Moisés García Baliñas | 2006 TSPR 36<br><br>166 DPR \_\_\_\_ |

Número del Caso: TS-4624

Fecha: 9 de febrero de 2006

Abogado de la Parte Peticionaria:

                Por derecho propio

Oficina de Inspección de Notarías:

                Lcda. Carmen H. Carlos
                Directora

Materia: Conducta Profesional
(La suspensión será efectiva el 28 de febrero 2006 fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Moisés García Baliñas                    TS-4624

PER CURIAM

San Juan, Puerto Rico, a 9 de febrero de 2006

El Lcdo. Moisés García Baliñas fue admitido al ejercicio de la abogacía en el 1974. Posteriormente fue admitido a la práctica de la notaría.

En octubre de 2004, la Oficina de Inspección de Notarías ("ODIN") nos refirió un informe en el cual nos señalaba que el licenciado García Baliñas no había presentado los índices notariales mensuales correspondientes de los años 1998 al 2003. Adeudaba además los Informes de actividad notarial anual para los años 1997 y 1999; y, además no había notificado su cambio de dirección a dicha oficina. Le ordenamos al licenciado García Baliñas que notificase a ODIN su nueva dirección. Además le ordenamos radicar en ODIN

TS-4624

los índices que adeudaba. Finalmente le concedimos un término para que mostrara causa por la cual no debíamos disciplinarlo.

Ante el incumplimiento con nuestra orden le concedimos un término final para que cumpliera so pena de severas sanciones incluyendo la separación de la profesión de abogado.

Vencido el término concedido, el licenciado García Baliñas compareció y nos solicitó una prórroga para subsanar las deficiencias señaladas. Este incumplió nuevamente y la concedimos un término final de veinte (20) días apercibiéndole nuevamente de las severas sanciones que había de encarar de incumplir con nuestra orden. Dicha Resolución le fue notificada personalmente al licenciado García Baliñas.

El licenciado García Baliñas no ha comparecido ni ha solicitado prórroga para comparecer.

### I

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. Máxime cuando de conducta profesional se trata. *In re Pagán Ayala*, 130 D.P.R. 678, 681 (1981).

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Otero Fernández*, 145 D.P.R. 582 (1998).

De otra parte, la obligación de rendir índices notariales mensuales y notificar el cambio de dirección surge de los Arts. 7 y 12 de la Ley Notarial, 4 L.P.R.A. secs, de las Reglas 11 y 12 del Reglamento Notarial, y, de la Regla 13 del Reglamento del Tribunal Supremo.

Hemos señalado también que la omisión de rendir índices notariales es una falta grave a los deberes que le impone al notario la investidura de la fe pública notarial, cuya conducta es reprensible y merecedora de la aplicación rigurosa de sanciones disciplinarias. In re Cruz Ramos, 129 D.P.R. 377 (1991); *In re Prieto Ferrer,* 147 D.P.R. 113 (1998); *In re Sáez Burgos,* res.                    , 2004 T.S.P.R. 26.

El Notariado es una profesión que requiere dedicación, esfuerzo, cuidado y diligencia por lo que debe ejercitarse con el mayor grado de responsabilidad y rigurosidad. Quien no esté dispuesto a ejercer la misma con tal dedicación, no puede fungir como tal.

## II

El licenciado García Baliñas ha demostrado un reiterado incumplimiento a las órdenes de este Tribunal así como con las disposiciones de la Ley Notarial. Su actitud de displicencia para con este Tribunal no lo hacen digno de

continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende de sus actuaciones que no tiene interés alguno en continuar ejerciendo su profesión.

Por los fundamentos antes expresados, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía al Lcdo. Moisés García Baliñas, a partir de la notificación de la presente Opinión Per Curiam.

Le imponemos al licenciado García Baliñas el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Moisés García Baliñas                    TS-4624

SENTENCIA

San Juan, Puerto Rico, a 9 de febrero de 2006

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía al Lcdo. Moisés García Baliñas, a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Le imponemos al licenciado García Baliñas el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

El Alguacil General de este Tribunal procederá a incautarse de la obra notarial del licenciado García Baliñas, incluyendo sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión Per Curiam y Sentencia sea notificada personalmente al licenciado Garía Baliñas por la Oficina del Alguacil General.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo