EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Sergio de Hoyos Beauchamp | 2007 TSPR 54<br><br>170 DPR \_\_\_\_ |

Número del Caso: TS-13428

Fecha: 25 de enero de 2007

Oficina de Inspección de Notarías:

                       Lcda. Carmen H. Carlos
                       Directora

Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el día 21 de marzo de 2007).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

TS-13428

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re Sergio de Hoyos Beauchamp          TS-13428

PER CURIAM

San Juan, Puerto Rico, a 25 de enero de 2007

El Lcdo. Sergio de Hoyos Beauchamp fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la notaría el 1ero. de marzo de 2001.

En octubre de 2006, la Oficina de Inspección de Notarías ("ODIN") nos refirió un informe en el cual nos señaló que el licenciado de Hoyos Beauchamp adeuda índices mensuales desde abril de 2006; que los índices notariales correspondientes a los meses de enero, febrero y marzo de 2006 fueron radicados desde Miami, Florida, conforme se desprende del matasellos y, que éste no había designado un notario sustituto. Informa además que el 28 de abril de 2006, ODIN le cursó una comunicación al

licenciado de Hoyos Beauchamp para que atendiera el asunto relacionado a la expedición de una copia certificada de una escritura otorgada por él, solicitada por el Lcdo. Rafael A. Ramos Sáenz quien había hecho varias gestiones para comunicarse con el licenciado de Hoyos, todas ellas infructuosas. Esta comunicación, enviada por correo certificado con acuse de recibo, fue devuelta a ODIN por el servicio de correos.

En su informe, ODIN indica que la conducta antes mencionada constituye un incumplimiento con la obligación de todo notario de rendir índices mensuales, a tenor con el Artículo 12 de la Ley Notarial. *In re Montañez Alvarado*, 158 D.P.R. 738 (2003); *In re Sáez Burgos*, res. 30 de enero de 2004, 160 D.P.R. ___, 2004 TSPR 26. Además, que todo notario tiene la obligación de notificar al Tribunal Supremo y a ODIN cualquier cambio en su dirección postal física, tanto de residencia como de oficina.

El 17 de noviembre de 2006, le concedimos un término de veinte (20) días al licenciado de Hoyos Beauchamp para que se expresara sobre el Informe sometido por ODIN. En dicha Resolución le advertimos al notario que su incumplimiento con nuestra Resolución podría conllevar severas sanciones incluyendo la separación del ejercicio de la profesión. Esta Resolución fue notificada personalmente al licenciado de Hoyos Beauchamp el 5 de diciembre de 2006 por la Oficina del Alguacil del Tribunal Supremo.

El licenciado de Hoyos Beauchamp no ha comparecido ni ha solicitado prórroga para comparecer.

I

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. Máxime, cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 20006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas que al así hacerlo se pone en peligro el título que se ostenta.

También hemos manifestado en el pasado que la obligación de rendir índices notariales mensuales y notificar el cambio de dirección surge de los Arts. 7 y 12 de la Ley Notarial, 4 L.P.R.A. secs. ____, de las Reglas 11 y 12 del Reglamento Notarial y de la Regla 13 del Reglamento del Tribunal Supremo. La omisión de rendir

índices notariales es una falta grave a los deberes que le impone al notario la investidura de la fe pública notarial, cuya conducta es reprensible y merecedora de la aplicación rigurosa de sanciones disciplinarias. *In re García Baliñas, ante; In re Sáez Burgos, ante.*

El Notariado es una profesión que requiere dedicación, esfuerzo, cuidado y diligencia por lo que debe ejercerse con el mayor grado de responsabilidad y rigurosidad. Quien no esté dispuesto a ejercer la misma con tal dedicación no puede fungir como tal.

## II

El licenciado de Hoyos Beauchamp ha demostrado total desprecio por las órdenes de este Tribunal así como con las disposiciones de la Ley Notarial. Su actitud de displicencia para con este Tribunal no le hacen digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Sergio de Hoyos Beauchamp, a partir de la notificación de la presente Opinión *Per Curiam.*

Le imponemos al licenciado de Hoyos Beauchamp el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar

oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

TS-13428

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re Sergio de Hoyos Beauchamp          TS-13428

SENTENCIA

San Juan, Puerto Rico, a 25 de enero de 2007

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales incorporamos íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Sergio de Hoyos Beauchamp, a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Le imponemos al licenciado de Hoyos Beauchamp el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento de estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de la obra notarial del licenciado Sergio de Hoyos Beauchamp, incluyendo sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión *Per Curiam* y Sentencia sea notificada personalmente al licenciado Sergio de Hoyos Beauchamp por la Oficina del Alguacil del Tribunal Supremo.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo