*In re* AXEL A. NÚÑEZ VÁZQUEZ.

*Número:* TS-11,650          *Resuelto:* 2 de marzo de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en informe; *Axel A. Núñez Vázquez, pro se.*

PER CURIAM: Una vez más nos vemos obligados a suspender del ejercicio de la notaría a un miembro de la profesión legal que incumplió con sus funciones como notario, además de incumplir, en reiteradas ocasiones, con las órdenes de este Tribunal y de la Oficina de Inspección de Notarías (ODIN). Veamos.

I

El licenciado Axel A. Núñez Vázquez fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y al ejercicio de la notaría el 14 de enero de 1997.

El 8 de mayo de 2015, el Director de la ODIN, licenciado Manuel E. Ávila de Jesús, compareció ante nos mediante un "Informe especial sobre incumplimiento [con] la Ley Notarial [de] Puerto Rico y su Reglamento y en solicitud de remedio" (Informe). En dicho Informe, el Director de la ODIN nos informó que el 31 de octubre de 2014 envió una misiva al licenciado Núñez Vázquez notificándole que no surgía de los archivos notariales que este hubiese presentado oportunamente un total de sesenta y siete Índices de Actividad Notarial Mensual y seis Informes Estadísticos de Actividad Notarial Anual, correspondientes a los años naturales 2007 y 2009 al 2013.([1]) En consecuencia, la ODIN concedió al licenciado Núñez Vázquez un término de diez días calendario para cumplir con su deber notarial de presentar los referidos índices e informes, así como para que presentara por escrito la justificación para esta tardanza. El licenciado Núñez Vázquez no cumplió con lo ordenado.

Así las cosas, el 15 de enero de 2015, el Director de la ODIN, vía correo certificado, envió una segunda comunicación al licenciado Núñez Vázquez en la que reiteró su orden; esta vez concediéndole hasta el pasado 30 de enero de 2015 para que cumpliera con su deberes notariales y presentara los referidos informes e índices adeudados, al igual que la debida justificación para la tardanza en presentar esta documentación. El 17 de febrero de 2015 la comunicación fue devuelta a la ODIN, según el acuse de correo certificado y el sistema de búsqueda en la página cibernética del Servicio de Correo Federal (USPS, por sus siglas en inglés).

Posteriormente, el 29 de abril de 2015, la señora Ana Vélez Rivera, secretaria jurídico adscrita al Registro de

---

([1]) El licenciado Núñez Vázquez adeudaba los Índices de Actividad Notarial Mensual correspondientes a los meses de marzo a diciembre de 2009, enero a diciembre de 2010, enero a diciembre de 2011, enero a diciembre de 2012, enero a diciembre de 2013 y enero a septiembre de 2014.

Asuntos No Contenciosos de la ODIN, informó al director de la referida dependencia de este Tribunal que no surgía de sus archivos que el licenciado Núñez Vázquez tuviera al día la fianza notarial, ello desde el 14 de enero de 1997, fecha cuando fue admitido al ejercicio de la notaría. Esta información fue corroborada vía telefónica con la Secretaría de este Tribunal y con el Colegio de Abogados de Puerto Rico.

Establecido lo anterior, y tras haber sido informados del incumplimiento del licenciado Núñez Vázquez con las órdenes de la ODIN, el 18 de marzo de 2016 emitimos una Resolución mediante la cual le concedimos al referido letrado un término de cinco días para que mostrara causa por la cual no debíamos ordenar lo siguiente: (1) su suspensión inmediata e indefinida del ejercicio de la notaría; (2) la entrega de la obra notarial bajo su custodia y de su sello notarial; (3) la entrega de los Índices de Actividad Notarial Mensual, así como de los Informes Estadísticos de Actividad Notarial Anual adeudados, y (4) la presentación de evidencia acreditativa de los pagos efectuados durante los años 1998 al 2015 para mantener vigente su fianza notarial. El 28 de marzo de 2016 un alguacil de este Tribunal diligenció y notificó personalmente dicha Resolución al mencionado licenciado.

Así las cosas, el 16 de abril de 2016 el licenciado Núñez Vázquez compareció ante nos y presentó una *Moción informe especial sobre incumplimiento de la Ley Notarial de Puerto Rico*. En la referida moción, el licenciado Núñez Vázquez se limitó a informar, escuetamente, que no había recibido notificaciones previas de la ODIN hasta el 28 de marzo de 2016; que no practicaba la abogacía activamente; que labora a tiempo completo como gerente de manufactura en una farmacéutica, y que nunca había tenido una querella en su contra. Asimismo, solicitó un término adicional de treinta días para mostrar evidencia de su cumplimiento con la Ley Notarial de Puerto Rico y con lo ordenado por este Tribunal.

Evaluados los planteamientos del licenciado Núñez Vázquez, el 7 de abril de 2016 emitimos una Resolución, notificada el 15 de abril del mismo año, en la que le concedimos un término de treinta días para que cumpliera con lo ordenado por este Tribunal en la Resolución de 18 de marzo de 2016. Nuevamente, el licenciado Núñez Vázquez no compareció.

Es, pues, a la luz del marco fáctico y procesal antes narrado que procedemos a resolver este asunto sin un trámite ulterior.

## II

Como es sabido, el Art. 12 de la Ley Núm. 75 de 2 de julio de 1987, Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*, impone a los notarios y las notarias el deber de remitir a la ODIN un índice sobre sus actividades notariales mensuales no más tarde del décimo día calendario del mes siguiente al informado. A tenor de ello, la Regla 12 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, elabora los requisitos formales del mencionado índice y reitera las facultades y los deberes del Director de la ODIN ante las remisiones tardías del mismo, conforme a lo dispuesto en la Regla 13(c) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B.

Por otro lado, el Art. 13-A de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2031a, establece la obligación de los notarios y las notarias de remitir a la ODIN, no más tarde del último día de febrero del año siguiente, el informe estadístico anual de los documentos notariales autorizados durante el año precedente. Los notarios y las notarias deben rendir dicho informe en el formulario que provee la ODIN para tales fines. Véase Regla 13 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, y la Regla 13 del Reglamento del Tribunal Supremo de Puerto Rico, *supra.*

■ Cónsono con lo anterior, hemos reiterado que el incumplimiento de los notarios y las notarias con la obligación de rendir los índices e informes notariales dentro del término provisto por ley constituye una falta grave a los deberes que se les impone como custodios de la fe pública notarial. Por lo tanto, esta conducta debe acarrear sanciones disciplinarias severas. *In re Cabrera Acosta*, 193 DPR 461 (2015); *In re Santiago Ortiz*, 191 DPR 950 (2014); *In re Miranda Casasnovas*, 175 DPR 774 (2009).

■ Así pues, remitir los índices e informes notariales en el término dispuesto por nuestro ordenamiento es un deber de cumplimiento estricto, indistintamente de si el notario o la notaria tuvo o no actividad notarial. *In re Miranda Casasnovas*, supra, pág. 778; *In re Feliciano Lassalle*, 175 DPR 110, 114 (2008); *In re Montañez Alvarado*, 160 DPR 496 (2003). Es decir, el notario y la notaria deben ser conscientes de que dicho incumplimiento les coloca en "el umbral de la incapacidad para ejercer el notariado". (Énfasis suprimido). *In re Carrasquillo Martínez*, 173 DPR 798, 802 (2008). Véanse: *In re Montañez Alvarado*, supra; *In re Jusino López*, 145 DPR 52 (1998). De igual forma, el notario y la notaria faltan a su deber ministerial al no presentar una moción explicativa oportuna cuando remiten tardíamente los índices notariales. *In re Carrasquillo Martínez*, supra; *In re Jusino López*, supra; *In re Montañez Alvarado*, supra.

■ En fin, " 'el ejercicio del notario exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública' ". *In re Santiago Ortiz*, 191 DPR 950, 959–960 (2014). Véanse: *In re Miranda Casasnovas*, supra; *In re Feliciano Lassalle*, supra. Por lo tanto, en la medida en que el notario o la notaria no pueda cumplir íntegramente con las obligaciones que les impone la Ley Notarial de Puerto Rico y su Reglamento, debe abstenerse de practicar el notariado. *In re Feliciano Lassalle*, supra, pág. 115; *In re Montañez Alvarado*, supra, pág. 499.

## III

■   Por otra parte, el Art. 7 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2011, exige que todo notario y toda notaria preste y mantenga vigente una fianza no menor de quince mil dólares como requisito para ejercer la notaría en Puerto Rico. Véase, además, Regla 9 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV. Dicha fianza responderá, entre otras cosas, por las cantidades que deje de abonar el notario o la notaria al erario por sellos de rentas internas, impuesto notarial, estampillas de la Sociedad para la Asistencia Legal y otros derechos exigidos por ley. Asimismo, la fianza responderá por la encuadernación de los Protocolos, así como por cualquier otro gasto en que se incurra para realizar la inspección de la obra notarial y su aprobación, según indique el Director de la ODIN. Véase Art. 7 de la Ley Notarial de Puerto Rico, *supra; Sucn. María Resto v. Ortiz*, 157 DPR 803 (2002); *In re Ribas Dominicci I*, 131 DPR 491 (1992).

■   Al respecto, hemos señalado que el notario o la notaria que no cuente con la protección de la fianza notarial constituye un peligro, no tan solo para el tráfico jurídico de los bienes muebles, sino también para las personas a quienes les brindan sus servicios. *In re Asencio Márquez*, 176 DPR 598, 599 (2009); *In re Martínez Miranda*, 174 DPR 773, 777 (2008). El notario o la notaria que no renueve diligentemente la fianza notarial se expone a que se le suspenda del notariado. *In re Pagán Pagán*, 2012 TSPR 13, 183 DPR Ap. (2011); *In re Rosado Conde*, 2011 TSPR 160, 182 DPR Ap. (2011); *In re Lugo Méndez*, 2011 TSPR 152, 182 DPR Ap. (2011).

## IV

■ Por último, a través de los años hemos sido enfáticos en cuanto a que los requerimientos que hace la ODIN son análogos a los de este Tribunal y que deben atenderse con igual premura y diligencia. *In re Vázquez González*, 194 DPR 688, 695 (2016); *In re Padilla Santiago*, 190 DPR 535, 538 (2014); *In re Martínez Romero*, 188 DPR 511, 515 (2011); *In re Santiago García*, 175 DPR 990 (2009). Sobre el particular, hemos manifestado que la desatención a los requerimientos de la ODIN acarrea el mismo efecto que cuando se desobedece una orden emitida por este Tribunal. Tal conducta constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y repercute en acciones disciplinarias contra los profesionales del Derecho. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Vázquez González*, supra; *In re García Incera*, 177 DPR 329 (2009); *In re Maldonado Rivera*, 147 DPR 380 (1999).

En ese sentido, hemos sancionado rigurosamente la actitud de los abogados y las abogadas que se caracteriza por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos. *In re Vázquez González*, supra, págs. 695–696; *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Massanet Rodríguez*, 188 DPR 116 (2013). Así pues, procede la suspensión del ejercicio de la abogacía o de la notaría cuando se desatienden los requerimientos formulados por este Tribunal y se muestra indiferencia ante nuestros apercibimientos de imponer sanciones. *In re Pérez Román*, 191 DPR 186 (2014); *In re Betancourt Medina*, 183 DPR 821 (2011); *In re Lloréns Sar*, 170 DPR 198 (2007). Ello, puesto que la naturaleza de la función de los abogados y las abogadas requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Rivera Trani*, 188 DPR 454 (2013); *In re García Incera*, supra; *In re Colón Rivera*, 2011 TSPR 11, 180 DPR Ap. (2011).

Es, precisamente, a la luz de la normativa antes expuesta que procedemos a disponer de los asuntos disciplinarios traídos a nuestra atención.

## V

En este caso resulta evidente que el licenciado Núñez Vázquez ha incumplido, reiteradamente, con su deber y obligación de remitir a la ODIN, según requerido por las disposiciones legales y reglamentarias aplicables, un total de setenta y cuatro Índices de Actividad Notarial Mensual, al igual que siete Informes Estadísticos de Actividad Notarial Anual.[2] Tampoco ha justificado la razones que ha tenido para la tardanza en presentar los referidos índices e informes, a pesar de que se le ha concedido tiempo para ello. El proceder errado del notario en cuestión se agrava al ignorar, en reiteradas ocasiones, las órdenes y los requerimientos de la ODIN y de este Tribunal.

Sin lugar a dudas, el patrón de conducta desplegado por el licenciado Núñez Vázquez constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la notaría. En vista de ello, *se le suspende inmediata e indefinidamente de la notaría.*

Además, *se ordena al licenciado Núñez Vázquez que someta los índices adeudados, so pena de sanciones ulteriores como, por ejemplo, monetaria, referirlo al Tribunal de Primera Instancia para iniciar un proceso de desacato o suspenderlo indefinidamente de la abogacía. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta días contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Se ordena al Alguacil de este Tribunal que incaute la obra y el sello notarial del licenciado Núñez Vázquez y los entre-*

---

[2] Al momento de disponer de este caso, el notario adeuda, además, los Índices de Actividad Notarial Mensual correspondiente a octubre, noviembre y diciembre de 2014, así como de enero a marzo de 2015. De igual manera, adeuda el Informe Estadístico de Actividad Notarial Anual correspondiente al año natural 2014.

*gue al Director de la ODIN para la correspondiente investigación e informe. Notifíquese inmediatamente vía fax, por teléfono, por correo electrónico y por la vía ordinaria.*

*Se dictará Sentencia de conformidad.*

El Juez Asociado Señor Rivera García no intervino.