EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Germán R. A. Monroig Pomales | 2019 TSPR 159  203 DPR ____ |
|---|---|

Número del Caso:  TS-14,150

Fecha:  16 de agosto de 2019

 Abogado del Lcdo. Germán R. A. Monroig Pomales:

     Por derecho propio

Oficina de Inspección de Notarías:

     Manuel E. Ávila De Jesús
     Director

Materia:  La suspensión será efectiva el 5 de septiembre de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Germán R. A. Monroig Pomales | **Núm.** TS-14,150 |

*PER CURIAM*

San Juan, Puerto Rico, a 16 de agosto de 2019.

En esta ocasión, nos corresponde ejercer nuestra jurisdicción disciplinaria para ordenar la suspensión inmediata e indefinida de la práctica de la abogacía de un integrante de la profesión legal, por razón de su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

I.

El Lcdo. Germán R. A. Monroig Pomales fue admitido al ejercicio de la abogacía el 6 de agosto de 2002 y prestó juramento como notario el 16 de agosto del mismo año.

En vista de que el licenciado Monroig Pomales incumplió con nuestras órdenes de corregir las deficiencias en su obra notarial y atender los trámites pendientes ante la ODIN relacionados con su deuda arancelaria, ascendente a **$16,862.00,** el 24 de mayo de 2019, notificada personalmente el 12 de junio de 2019 lo suspendimos indefinidamente del ejercicio de la notaría. Véase *In re Monroig Pomales*, 2019 TSPR 100. En la sentencia, ordenamos al licenciado subsanar los defectos de su obra protocolar en un término de treinta

(30) días. Además, le expresamos al letrado que de incumplir se expondría a sanciones disciplinarias ulteriores, incluyendo la suspensión inmediata e indefinida del ejercicio de la abogacía, así como un referido al Tribunal de Primera Instancia, Sala Superior de San Juan, para el correspondiente proceso de desacato.

Así las cosas, el 31 de julio de 2019 compareció ante este Tribunal el Director de la ODIN, el Lcdo. Manuel E. Ávila de Jesús, mediante una *Moción notificando incumplimiento de orden y en solicitud de remedios*. En su moción, el licenciado Ávila de Jesús nos informa que venció el término para atender los señalamientos notificados y que el licenciado Monroig Pomales no ha comparecido a la ODIN ni se ha comunicado con funcionario alguno de dicha institución. Al día de hoy, el licenciado Monroig Pomales no ha comparecido ante este Tribunal. Tampoco ha solicitado prórroga para comparecer ni ha cumplido con nuestras órdenes y/o los requerimientos de la ODIN.[1]

---

[1] Previo a su suspensión del ejercicio de la notaría, el 21 de mayo de 2019, emitimos una *Resolución* mediante la cual concedimos al licenciado Monroig Pomales un término de cuarenta y cinco (45) días para cumplir con los créditos adeudados del Programa de Educación Jurídica Continua (PEJC). El 9 de julio de 2019, el licenciado Monroig Pomales compareció mediante una *Moción en Cumplimiento de Orden*. En ésta, informó que tomó todos los cursos para cumplir con los requisitos que adeudaba al PEJC. Sobre este particular, el 30 de julio de 2019 emitimos una *Resolución* mediante la cual le concedimos al licenciado Monroig Pomales un término de veinte (20) días para presentar la Certificación de Cumplimiento correspondiente. El 9 de agosto de 2019, el licenciado Monroig Pomales presentó una *Moción en Cumplimiento de Orden* a la cual anejó la Certificación de Cumplimiento. Al día de hoy, el licenciado Monroig Pomales está en cumplimiento con los requisitos del PEJC.

**II.**

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa". *In re Alberty Oms,* 2018 TSPR 51; *In re Espino Valcárcel,* 199 DPR 761 (2018). Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional". *In re González López,* 2018 TSPR 28, 199 DPR 1030 (2018).

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este Tribunal. *In re Aguilar Gerardino*, 2019 TSPR 101, 202 DPR ___ (2019); *In re Padilla García*, 2018 TSPR 71, 199 DPR 1030 (2018). Este mandato ético se encuentra establecido en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Específicamente, este precepto ético obliga al abogado observar para con los tribunales una conducta que se caracterice por el mayor respeto. *In re Padilla García, supra; In re Abreu Figueroa,* 198 DPR 532 (2017). Ello requiere que el abogado cumpla de forma oportuna y diligente con las órdenes y requerimientos emitidos por los foros judiciales, particularmente cuando surgen de un procedimiento disciplinario. *Id.* Esta obligación se extiende a todos aquellos requerimientos que emita la Oficina de

Inspección de Notarias. *In re Abreu Figueroa, supra; In re Montañez Melecio,* 197 DPR 275 (2017).

En ese sentido, los abogados tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes y los requerimientos del ente mencionado. *In re Abreu Figueroa, supra; In re Santaliz Martell,* 194 DPR 911, 914 (2016). Desatenderlas constituye una afrenta a la autoridad de los tribunales e infringe el precitado Canon 9 del Código de Ética Profesional, *supra. In re Dávila Toro,* 193 DPR 159, 163 (2015). Por consiguiente, el incumplimiento con los requerimientos del Tribunal constituye un serio agravio a la autoridad de los tribunales y es suficiente para decretar su separación indefinida de la profesión. *In re Abreu Figueroa, supra; In re Abadía Muñoz et al.,* 197 DPR 1044 (2017). Según hemos sostenido en innumerables ocasiones y esta ocasión no será la excepción: "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad". *In re Soto Rivera,* 198 DPR 421, 426 (2017).

Con relación a la notaría, hemos enfatizado que el notario no puede asumir una actitud pasiva ante los señalamientos realizados por la ODIN en cuanto a las deficiencias de la obra notarial. *In re Cruz Liciaga,* 198 DPR 828 (2017); *In re Abendano Ezquerro,* 198 DPR 677 (2017). Tampoco esperar que sea este Tribunal quien le notifique las deficiencias señaladas en la obra notarial que no han sido corregidas. Por el contrario, una vez ODIN identifica y

señala alguna falta en la obra protocolar del notario, es éste quien tiene la obligación de poner su obra al día y de subsanar cualquier deficiencia en ella. *Id*.

Los requerimientos que hace ODIN son análogos a las órdenes que hace este Tribunal, por lo que ameritan la misma diligencia. *In re Pratts Barbarossa,* 199 DPR 594 (2018); *In re Núñez Vázquez,* 197 DPR 506 (2017). Esto es así porque el ejercicio de la notaría requiere el mayor celo en el cumplimiento de los deberes que imponen la Ley Notarial y su Reglamento, así como los deberes éticos. *In re Abendano Ezquerro, supra.* En consecuencia, el incumplimiento con un requerimiento de la ODIN podría producir el mismo efecto que la desobediencia con una orden emitida por este Tribunal, entiéndase la suspensión indefinida e inmediata de la abogacía y la notaría. *In re Pratts Barbarossa, supra; In re Núñez Vázquez, supra.*

Los notarios tienen la obligación de adherirse estrictamente al cumplimiento de todos aquellos deberes y las obligaciones que le impone su función notarial. Trastocar dichos deberes lesiona la confianza pública que ha sido depositada en ellos. Entre estos deberes está el cancelar sellos arancelarios al momento de otorgar un documento público. No hacerlo perjudica a los otorgantes o terceros, defrauda al erario y podría constituir un delito de apropiación ilegal. *In re Abendano Ezquerro, supra; In re Capestany Rodríguez,* 148 DPR 728, 734-35 (1999); *In re Troche Mercado,* 194 DPR 747, 752 (2016).

**III.**

Del historial disciplinario aquí reseñado, reluce un patrón de falta de interés desplegado por el licenciado Monroig Pomales—en su quehacer como profesional del Derecho. El letrado ha tenido tiempo suficiente para hacer las gestiones necesarias para cumplir con nuestras órdenes y los requerimientos de la ODIN. Tan así, que a pesar de los múltiples requerimientos, no compareció cuando se le requirió, no entregó la obra solicitada y tampoco justificó su incumplimiento. Ello, sumado al hecho de que su obra notarial contiene serias deficiencias notariales, particularmente, una deuda arancelaria de **$16,862.00** que no ha sido subsanada. En cuanto a las órdenes que en varias instancias emitimos, hizo caso omiso; aun cuando ya había sido apercibido expresamente que las consecuencias de su incumplimiento conllevarían la suspensión del ejercicio de la profesión. Ciertamente, la actitud de dejadez y falta de diligencia demostrada por el licenciado Monroig Pomales ante el Tribunal y la ODIN constituyó un claro menosprecio a nuestra autoridad.

Por consiguiente, se ordena la suspensión inmediata e indefinida del señor Monroig Pomales del ejercicio de la abogacía. Además, se refiere este asunto a la Sala de la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan, para la celebración de una vista de desacato. Por último, en caso de que el señor Monroig Pomales esté representando a clientes ante nuestros tribunales en la

actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Notifíquese personalmente al señor Monroig Pomales esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Germán R. A. Monroig Pomales | **Núm**. TS-14,150 |

SENTENCIA

San Juan, Puerto Rico, a 16 de agosto de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del señor Monroig Pomales del ejercicio de la abogacía. Además, se refiere este asunto a la Sala de la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan, para la celebración de una vista de desacato.

Por último, en caso de que el señor Monroig Pomales esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Notifíquese personalmente al señor Monroig Pomales esta Opinión *Per Curiam* y Sentencia.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo