EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Amérilis D. Navedo Dávila | 2019 TSPR 185 <br><br> 203 DPR ____ |

Número del Caso:  TS-17,388


Fecha:  6 de septiembre de 2019


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva


Oficina de Inspección de Notarías:

    Manuel E. Ávila De Jesús
    Director




Materia:  La suspensión será efectiva el 20 de septiembre de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Amérilis D. Navedo Dávila       TS-17,388

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de septiembre de 2019.

Una vez más nos vemos obligados a suspender a un miembro de nuestra profesión legal, en esta ocasión, por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías, los requisitos del Programa de Educación Jurídica Continua, así como con las órdenes de este Tribunal. Veamos.

I.

La licenciada Amérilis D. Navedo Dávila fue admitida al ejercicio de la abogacía el 27 de abril de 2009 y al ejercicio de la notaría el 13 de enero de 2010.

El 20 de diciembre de 2018, la Inspectora de Protocolos y Notarías, licenciada Teresa Trujillo Ortiz, remitió una comunicación electrónica a la licenciada Navedo Dávila, a las direcciones oficiales que obraban en el Registro Único de Abogados (RUA), en la cual se le informó que una otorgante de un instrumento público autorizado ante ella había expresado dificultad en localizarla para obtener una copia certificada de dicho instrumento, y alegó tener información de que ésta se encontraba fuera de la jurisdicción. En el mencionado correo electrónico, la Inspectora de Protocolos y Notarías le expresó a la referida letrada que -- de ser cierto lo planteado por la quejosa -- no surgía que ésta hubiese encaminado el proceso de cesación voluntaria de la notaría ni la designación de un notario o notaria sustituto. Por ello, solicitó a la licenciada Navedo Dávila que se comunicara de manera urgente con la ODIN. La referida letrada no se comunicó con la mencionada dependencia de este Tribunal.

Así las cosas, el 28 de diciembre de 2018 la ODIN remitió una segunda comunicación a la licenciada Navedo Dávila a las direcciones de correo electrónico provistas por ésta, ello debido a que las comunicaciones telefónicas efectuadas a los números registrados por la referida letrada en el RUA no rindieron fruto. En dicha comunicación, la ODIN apercibió a la licenciada Navedo Dávila que, de no responder en o antes del 5 de enero de 2019 a sus requerimientos, se

referiría el asunto ante este Tribunal para el proceso disciplinario correspondiente. La referida letrada tampoco contestó dicha comunicación, ni compareció ante la ODIN.

Meses más tarde, el 28 de febrero de 2019 para ser específicos, la Inspectora de Protocolos y Notarías presentó ante la consideración del Director de la ODIN, licenciado Manuel E. Ávila de Jesús, un *Informe negativo de inspección inicial*. En éste, además de expresar que no recibió respuesta alguna de la licenciada Navedo Dávila a las comunicaciones que se le enviaron, relató que mientras estuvo presente en la sede notarial de la referida letrada, una vecina de ésta le confirmó que la letrada en cuestión llevaba varios años fuera de la jurisdicción de Puerto Rico.

De otra parte, luego de un examen del sistema de Radicación Electrónica Notarial (REN), la Inspectora de Protocolos y Notarías también señaló en el referido Informe que la licenciada Navedo Dávila adeudaba sus Informes de Actividad Notarial Mensual desde junio de 2017, en contravención del Art. 12 de la Ley Notarial, 4 LPRA sec. 2023, así como los Informes Estadísticos de Actividad Notarial Anual correspondiente a los años naturales 2017 y 2018, conforme el deber que impone el Art. 13-A de la referida Ley, 4 LPRA sec. 2031(a).

El 31 de mayo de 2019, la ODIN presentó una *Moción urgente en solicitud de la incautación de obra notarial y en solicitud de remedios*. En la misma, le notificó a este

Tribunal que la referida letrada incumplió en reiteradas ocasiones con los requerimientos cursados por dicha oficina dirigidos a atender varios asuntos relacionados a su práctica notarial y nos solicitó que ordenáramos la incautación preventiva de la obra protocolar y el sello notarial de ésta así como que consideráramos su suspensión del ejercicio de la notaría.

Así pues, luego de evaluar la moción presentada por la ODIN, el 17 de junio de 2019 emitimos una *Resolución* en la cual -- además de ordenar al Alguacil de este Tribunal que incautara preventivamente la obra protocolar y sello notarial -- le concedimos a la licenciada Navedo Dávila un término de veinte (20) días para que presentara los Informes Notariales adeudados, acreditara el pago de la Fianza Notarial para los años 2017, 2018 y 2019 y actualizara sus datos en RUA. **Asimismo, le concedimos un término de diez (10) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría.** No obstante, la referida letrada, nuevamente, incumplió con lo anterior.

Transcurrido el periodo de tiempo concedido a la licenciada Navedo Dávila sin que esta cumpliera con lo ordenado, el Director de la ODIN compareció ante este Tribunal a través de una *Moción notificando incumplimiento de orden y en solicitud de remedios*. En la misma, nos informó que los términos conferidos a la referida letrada en nuestra *Resolución* de 17 de junio de 2019 vencieron. Además, señaló

que la Inspectora de Protocolos y Notarías a cargo del proceso de examen de la obra protocolar de la licenciada Navedo Dávila confirmó que esta última no había comparecido ante la ODIN ni se había comunicado con funcionario alguno. Por consiguiente, éste nos solicitó que ordenáramos la suspensión inmediata e indefinida de la letrada del ejercicio de la notaría, así como que le ordenáramos entregar los documentos que aún adeudaba a la ODIN; entiéndase la obra protocolar autorizada por la referida letrada durante los años naturales 2016 al 2019 así como los Informes de Actividad Notarial Mensual desde junio de 2017 y los Informes Estadísticos de Actividad Notarial Anual correspondiente a los años naturales 2017 y 2018.

Por otro lado, el 28 de junio de 2019 la Directora Ejecutiva del Programa de Educación Jurídica Continua (en adelante, "PEJC"), licenciada María C. Molinelli González, presentó un *Informe sobre incumplimiento con requisitos de educación jurídica continua* en el cual le notificó a este Tribunal sobre aquellos profesionales del derecho que no habían cumplido dichos requisitos durante el periodo del 1 de abril de 2015 al 31 de marzo de 2018, entre los cuales se encontraba la licenciada Navedo Dávila. Según se indica en dicho *Informe,* la letrada en cuestión también adeudaba la cantidad de ciento cincuenta dólares ($150.00) en multas por cumplimiento tardío.

Enterados de ello, el 8 de agosto de 2019 emitimos una *Resolución* en la cual le concedimos a la licenciada Navedo Dávila un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. Nuevamente, la referida letrada incumplió con nuestras órdenes.

Evaluado el expediente ante nuestra consideración procedemos a resolver.

II.

A.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas de conducta que rigen a los miembros de la profesión legal. Este ordenamiento deontológico tiene como propósito el promover el desempeño personal y profesional de las abogadas y los abogados de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, 192 DPR 152 (2014).

Cónsono con ello, en numerosas ocasiones, este Tribunal ha señalado que el incumplimiento con estas normas éticas puede acarrear la imposición de severas sanciones disciplinarias. *In re Cruz Liciaga*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

Entre ellas se encuentra, claro está, la suspensión del ejercicio de la abogacía y la notaría.

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que toda abogada o abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". *In re López Méndez*, 196 DPR 956, 960-61 (2016); *In re Montalvo Delgado,*196 DPR 542, 549 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Como corolario del respeto profundo que deben tener las abogadas y los abogados hacia el foro judicial, el mencionado Canon les ordena a éstas y éstos comparecer en tiempo a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry,* supra*; In re Nieves Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998).

**Dicho deber es extensivo a los requerimientos, órdenes y exigencias de la ODIN, por lo que toda abogada y abogado también debe responder con diligencia a los mismos.** (Énfasis suplido) *In re Cruz Liciaga,* supra; *In re Franco Rivera,* supra; *In re Salas González,* 193 DPR 387 (2015). *Véanse,* además, *In re Chardón Dubos,* 191 DPR 201 (2014); *In re Martínez Romero,* 188 DPR 511 (2013). Ello, debido a que desatender los requerimientos de la ODIN y las órdenes de

este Tribunal, constituye un serio desafío a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, *supra*. *In re López Castro*, 197 DPR 819 (2017); *In re Núñez Vázquez*, 197 DPR 506 (2017); *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005). Cuando ello ocurre, procede la suspensión de la abogada o abogado del ejercicio de la profesión. *In re Lee Navas,* 2017 TSPR 208, 198 DPR ____ (2017); *In re Grau Collazo*, 185 DPR 938,944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012); *Ex parte Galarza Rodríguez*, 183 DPR 228 (2011).

### B.

De otra parte, y por ser en extremo pertinente para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene señalar que el Art. 12 de la Ley Núm. 75 de 2 de julio de 1987, conocida como Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.,* impone a las notarias y los notarios el deber de remitir a la ODIN un índice sobre sus actividades notariales mensuales a más tardar el décimo día calendario del mes siguiente al informado. 4 LPRA sec. 2023. Mientras que el Art. 13-A de la precitada ley, establece la obligación de éstas y éstos de remitir a la ODIN, no más tarde del último día de febrero del año siguiente, el informe estadístico anual de los documentos

notariales autorizados el año precedente. 4 LPRA sec. 2031a. *In re Torres Dávila*, 195 DPR 558 (2016); *In re Miranda Casasnovas*, 175 DPR 774 (2009); *In re Cruz Ramos*, 127 DPR 1005 (1991).

Asimismo, dicha ley dispone que la notaria o el notario podrá nombrar a otra notaria o notario para que le sustituya cuando se ausentare de su oficina por cualquier causa que no sea permanente, por un periodo máximo inicial de tres (3) meses. Tanto la notaria o el notario, como su sustituto, deberán notificar la designación a la ODIN. Así, el notario sustituto será responsable de la custodia y conservación de los protocolos de la notaria o notario sustituido. Art. 9, 4 LPRA sec. 2013. *In re Hernández Torres*, 199 DPR 2019 (2017); *In re Rosenbaum*, 189 DPR 115 (2013); *In re Carrasquillo Martínez*, 173 DPR 798 (2008).

Al respecto, este Tribunal ha reiterado que el incumplimiento de las notarias y los notarios con su obligación de rendir los índices e informes notariales dentro del término provisto por la Ley Notarial, *supra*, así como fallar en nombrar una notaria o notario sustituto cuando se ausente de su oficina, constituye una falta grave a los deberes que se les impone como custodios de la fe pública notarial. Consecuentemente, esta conducta acarrea sanciones disciplinarias severas. *In re Núñez Vázquez*, 197 DPR 506 (2017); *In re Cabrera Acosta*, 193 DPR 461 (2015); *In re*

*Santiago Ortiz,* 191 DPR 950 (2014); *In re Miranda Casasnovas,* *supra; In re Vargas Pérez*, 145 DPR 160 (1998).

## C.

Por último, es menester recordar que en aras de garantizar una representación legal adecuada a los ciudadanos y ciudadanas que acuden ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a los abogados y las abogadas que practican en nuestra jurisdicción "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Para viabilizar el cumplimiento con dicho deber, este Tribunal aprobó el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. Éste, en su Regla 29, 4 LPRA Ap. XVII-E § 29, le requiere a todos los abogados y las abogadas activas en Puerto Rico la aprobación de veinticuatro (24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años.

En aquellas instancias en que un abogado o abogada incumple con los requisitos del PEJC, el mencionado Reglamento establece que se celebrará una vista informal con el letrado o la letrada en cuestión para que éste o ésta tenga la oportunidad de explicar las razones de su incumplimiento. Íd., Regla 31. Si el o la profesional del

derecho no comparece a la vista, la Junta del PEJC deberá referir el asunto ante la consideración de este Tribunal. Íd. Véase, además, *In re Landrón Hernández*, 2019 TSPR 41; *In re Gómez Riefkohl*, 197 DPR 1093 (2017); *In re Burgos González*, 192 DPR 769 (2015).

Dicho ello, en el contexto del incumplimiento con los requisitos del PEJC, este Tribunal ha expresado que la desidia y dejadez ante los requerimientos de dicho programa representan un gasto de recursos administrativos, como también una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cabán Arocho*, 2017 TSPR 104, 198 DPR 1112 (2017); *In re López Santos*, 194 DPR 960 (2016).

Así pues, en los casos que los abogados y las abogadas desatienden los requerimientos del PEJC e incumplen los requisitos de educación jurídica continua conforme a lo dispuesto en el Reglamento del PEJC, supra, este Tribunal se ha visto obligado a suspenderles indefinidamente. *In re Cabán Arocho*, supra; *In re Rodríguez Gerena*, 2017 TSPR 40, 197 DPR 1093 (2017); *In re Ortiz Soto*, 2016 TSPR 226, 196 DPR 1044 (2016).

III.

En el presente caso, según ha quedado claramente demostrado, la licenciada Navedo Dávila en reiteradas ocasiones ha incumplido con los requerimientos de la ODIN,

los requisitos del PEJC y con las órdenes de este Tribunal, en específico con nuestras resoluciones de 17 de junio de 2019 y 8 de agosto de 2019. No cabe duda de que la conducta desplegada por la referida letrada es una de descuido e indiferencia y refleja una patente falta de interés en continuar el ejercicio de la abogacía y la notaría.

En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. En consecuencia, se le impone a ésta el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior y someter los informes e índices adeudados dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial de la licenciada Navedo Dávila queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la licenciada Navedo Dávila durante el periodo en que la misma estuvo vigente.[1]

---

[1] El 1 de julio de 2019, la obra protocolar de la licenciada Navedo Dávila fue incautada por el Alguacil de este Tribunal. Los tomos del protocolo formados en los años naturales 2010-2015 así como un Libro de Registro de Testimonios que se encontraban aprobados, fueron entregados

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

_____

y depositados en el Archivo Notarial de Bayamón. Por su parte, el sello notarial fue entregado en el Archivo Notarial del Distrito Notarial de San Juan.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Amérilis D. Navedo Dávila          TS-17,388

SENTENCIA

En San Juan, Puerto Rico, a 6 de septiembre de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la licenciada Navedo Dávila del ejercicio de la abogacía y la notaría. Se le impone, además, el deber de notificar a todos sus clientes, si alguno, su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior y someter los informes e índices adeudados dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial de la señora Navedo Dávila queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Navedo Dávila durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                Sonnya Isabel Ramos Zeno
                        Secretaria del Tribunal Supremo Interina