EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Wilma A. Malavé Haddock | 2021 TSPR 15 206 DPR _____ |

Número del Caso: TS-15,501

Fecha: 9 de febrero de 2021

Sra. Wilma A. Malavé Haddock:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Materia: La suspensión será efectiva el 18 de febrero de 2021, fecha en que se le notificó a la abogada de su suspensión inmediata del ejercicio de la notaría.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Wilma A. Malavé Haddock            TS-15,501

PER CURIAM

En San Juan, Puerto Rico, a 9 de febrero de 2021.

Nuevamente no tenemos otra alternativa que suspender del ejercicio notarial a un miembro de la profesión legal debido a su incumplimiento craso con la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2001 et seq. y por su desatención a los requerimientos de la Oficina de Inspección de Notarías (ODIN). Por la conducta que reseñamos a continuación, suspendemos indefinidamente a la Lcda. Wilma A. Malavé Haddock del ejercicio de la notaría.

I

La licenciada Malavé Haddock fue admitida al ejercicio de la abogacía el 23 de agosto del 2005 y juramentó como notario el 27 de junio de 2006.

Surge del expediente que el 9 de julio de 2019 la ODIN nos solicitó que ordenáramos la incautación preventiva de la obra protocolar y el sello de la licenciada Malavé Haddock como medida cautelar. La ODIN nos explicó que realizó varios esfuerzos para comunicarse con la notaria con el propósito de comenzar el proceso de inspección de su obra notarial. Informó que los esfuerzos fueron infructuosos y que la licenciada no compareció a las citas programadas para realizar la inspección. Así, la ODIN pudo afirmar que la notaria: (1) incumplió en ocasiones reiteradas con los requerimientos que se le cursaron, (2) mantuvo cerradas las operaciones de su sede notarial, (3) no actualizó sus datos personales en el Registro Único de Abogados y Abogadas (RUA), y (4) no cooperó con el proceso de inspección de su obra notarial. A base de lo anterior, el 19 de julio de 2019 ordenamos la incautación preventiva del sello y de la obra notarial de la licenciada Malavé Haddock. En la misma Resolución, también le exigimos que en veinte (20) días mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía y notaría por desatender los requerimientos de ODIN y por no mantener actualizada su información en el RUA.

La licenciada compareció mediante *Moción informativa urgente solicitando remedio para contestar recurso incoado* en la que indicó que padecía de condiciones fisiológicas consecuencia de una caída que había sufrido. Como prueba sometió un certificado médico que indicaba que la

licenciada debía guardar reposo del 7 de agosto al 5 de noviembre de 2019. En consideración a esto, se le concedió un término adicional de cuarenta y cinco (45) días para mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía y la notaría, particularmente por su incomparecencia previo al 7 de agosto de 2019.

El 15 de octubre de 2019 la licenciada Malavé Haddock presentó una *Moción en cumplimiento de Orden*. Solicitó que excusemos su incomparecencia antes del 7 de agosto de 2019 pues esta se debió a complicaciones de salud causadas por una caída que sufrió en octubre de 2018. Añadió que, por motivo de las contusiones que recibió, debía tomar medicamentos que le provocaban mareos y efectos adversos a la presión arterial. Sin embargo, no acompañó evidencia de tales condiciones médicas. Únicamente hizo referencia al certificado médico que acompañó en la moción anterior.

Así las cosas, el 18 de octubre de 2019 la ODIN presentó un *Informe sobre el estado de la obra notarial incautada; notificando estatus de cumplimiento de orden; y en solicitud de remedios* (Informe de la ODIN) sobre el estado de la obra notarial de la letrada. La ODIN informó que la obra protocolar consta de tomos correspondientes a los años 2006-2009 (un tomo por año), 2010 (dos tomos), 2011 (tres tomos), 2012 (dos tomos) y 2013 (tres tomos). Además, incluye varios instrumentos públicos sin encuadernar. Así, la licenciada Malavé Haddock autorizó 126 escrituras sueltas para el año 2014, 145 para el año 2015,

98 para el año 2016, 90 para el año 2017, 45 para el año 2018 y 14 para el año 2019.

Adicionalmente, la ODIN notificó que incautó el primer volumen del Libro de Registro de Testimonios, cuyo último asiento es el 1,894, con fecha de 15 de agosto de 2016. No obstante, en el índice notarial del 2 de julio de 2019 se reportó el testimonio número 2,128, por lo que un segundo volumen del Libro de Testimonios —que debe tener los asientos número 1,895 al 2,128— no se entregó. La Inspectora a cargo de la obra, Lcda. Sharon Reyes Rodríguez, notificó serias deficiencias sustantivas en la obra de la notaria. Entre ellas: (1) falta de encuadernación, índice, enumeración, notas de apertura y de cierre correspondientes a los tomos del Protocolo formados en los años 2014-2019, (2) múltiples documentos omiten la firma de la notaria y otros carecen del sello y rúbrica en escrituras matrices y documentos complementarios a estas, (3) varios instrumentos omiten firma o iniciales de los otorgantes, (4) ausencia de partes otorgantes indispensables en instrumentos públicos autorizados, (5) falta la firma de la notaria en notas de saca de múltiples instrumentos públicos, (6) la notaria omitió exponer de forma sucinta el documento legitimado en múltiples asientos registrados en el Libro de Registro de Testimonios. Asimismo, la ODIN informó que identificó preliminarmente una **deuda arancelaria de $28,907.00** por omisión de cancelar en los instrumentos públicos los sellos correspondientes de

Rentas Internas, Impuesto Notarial y Sociedad para la Asistencia Legal. A raíz de estos señalamientos, la ODIN solicitó que suspendiéramos indefinidamente a la licenciada Malavé Haddock del ejercicio de la notaría, le confiriéramos un término de sesenta (60) días para encaminar el proceso de subsanación de su obra protocolar y un término de veinte (20) días para entregar en la ODIN el segundo volumen del Libro de Registro de Testimonios que no se pudo incautar.

Tras examinar la *Moción en cumplimiento de Orden* que presentó la notaria y el Informe de la ODIN, emitimos una Resolución el 15 de noviembre de 2019 en la que le concedimos a la licenciada Malavé Haddock: (1) un término de diez (10) días para entregar a la ODIN el volumen del Libro de Registro de Testimonios que no se incautó de su obra notarial, (2) un término de sesenta (60) días para encaminar el proceso de subsanación de su obra protocolar y el pago de la deuda arancelaria, y (3) un término de veinte (20) días para que mostrara causa por la cual no se le debía suspender del ejercicio de la notaría a raíz de los señalamientos que hizo la ODIN en su informe.

El 13 de enero de 2020, fuera del término que le concedimos, la licenciada Malavé Haddock presentó una *Moción informativa en cumplimiento de orden*. Informó que entregó a la ODIN el volumen del Libro de Registro de Testimonios que faltaba según se le ordenó y que se reunió varias veces con la Inspectora de Protocolos que le fue

asignada para subsanar su obra notarial. Señaló que se propone corregir cabalmente su obra. No obstante, solicitó que le concedamos tiempo adicional para culminar el proceso ya que tiene una condición de salud delicada. En su comparecencia la letrada omitió nuevamente presentar prueba de la condición médica que le aqueja.

Por su parte, el 10 de febrero de 2020 la ODIN sometió una *Moción notificando incumplimiento de orden y en solicitud de remedios*. Informó que el 29 de enero de 2020 la Inspectora encargada suscribió un segundo informe del estado de la obra notarial de la abogada. En este confirmó que la licenciada Malavé Haddock entregó el segundo volumen del Libro de Registro de Testimonios según ordenado. Asimismo, notificó que la notaria se reunió con la inspectora para recopilar la información necesaria para el proceso de subsanación de su obra protocolar. No obstante, a pesar de haber programado tres reuniones de seguimiento, la notaria canceló las primeras dos y no compareció ni se excusó de la tercera. En vista de ello, la ODIN informó que la licenciada Malavé Haddock incumplió con nuestra orden y que su obra notarial está en el mismo estado en que se encontraba cuando se incautó.[1] Resaltó que, al momento de presentar la moción, la notaria no se había comunicado con la inspectora ni con personal de la ODIN para subsanar su obra protocolar. Recomendó que ordenemos su suspensión inmediata e indefinida del ejercicio de la notaría y que

---

[1] Cabe señalar que la licenciada Malavé Haddock firmó unas notas de saca.

posteriormente le concedamos un término final de sesenta (60) días para que atienda las deficiencias que impiden la aprobación de su obra so pena de que se le refiera a un procedimiento de desacato.

## II

Hemos dicho que, por la importante función que ejercen, se exige que los notarios sean meticulosos en todos los aspectos de su trabajo. La notaría es un oficio que demanda gran atención y esmero. In re Santiago Ortiz, 191 DPR 950, 959 (2014); In re López Cordero, 164 DPR 710 (2005). Asimismo, el ejercicio de la notaría requiere un grado razonable de organización administrativa, supervisión, responsabilidad y conciencia pública. In re Monroig Pomales, 202 DPR 576, 583 (2019); In re Núñez Vázquez, 197 DPR 506, 511 (2017); In re Santiago Ortiz, supra.

Como consecuencia de lo anterior, se le impone a todo notario la obligación de cumplir rigurosamente las disposiciones de la Ley Notarial y su Reglamento. In re Santiago Ortiz, supra; In re López Cordero, supra. Apartarse de alguna de sus disposiciones expone al notario a sanciones. Íd. Cuando un notario incumple con sus obligaciones y deberes notariales lesiona la confianza y la función pública que le fueron confiadas. In re Monroig Pomales, supra; In re Abendaño Ezquerro, 198 DPR 677, 682 (2017); In re Sala González, 193 DPR 387 (2015). Así, en la medida en que el notario no pueda cumplir íntegramente con las obligaciones que les impone la Ley Notarial de Puerto

Rico y su Reglamento, debe abstenerse de practicar el notariado. In re Monroig Pomales, supra; In re Núñez Vázquez, supra; In re Santiago Ortiz, supra.

La Ley Notarial les impone a los notarios el deber de adherir y cancelar los sellos arancelarios correspondientes al momento de autorizar un documento público. Art. 10 de la Ley Notarial, 4 LPRA sec. 2021. Incumplir con adherir los sellos correspondientes a la escritura o copias certificadas las hace ineficaz o anulables. Íd. Además de exponer a los documentos a la ineficacia jurídica, el incumplimiento opera en perjuicio de los otorgantes o de terceros, defrauda al erario y podría configurar un delito de apropiación ilegal. In re Monroig Pomales, supra; In re Abendaño Ezquerro, supra.

De otra parte, los Arts. 49, 50 y 52 de la Ley Notarial, supra exigen que los Protocolos notariales del año anterior consten encuadernados, con índice de contenido, enumeración de cada folio, nota de apertura y nota de cierre en el tercer mes de cada año. 4 LPRA secs. 2073, 2074 y 2076.

Además, los Arts. 13, 16 y 28 de la Ley Notarial, supra disponen que, para que sean eficaces, los instrumentos públicos deben contener la firma de los otorgantes al final y las iniciales en cada folio. 4 LPRA secs. 2031, 2034 y 2046. Exigen también que el notario firme, rubrique, signe y selle los instrumentos. Íd. Asimismo, el notario tiene el

deber de firmar las notas de saca en los instrumentos públicos matrices cuando libere una copia certificada. Art. 41 de la Ley Notarial, 4 LPRA sec. 2063.

Por otra parte, hemos recalcado que los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas. In re Monroig Pomales, supra; In re Abendaño Ezquerro, supra. Esto pues, "la práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético". Íd. Por lo tanto, tratar con laxitud los señalamientos de la ODIN configura una violación al Canon 9 de Ética Profesional, 4 LPRA Ap. IX. Íd.

Hemos sido enfáticos en cuanto a que los requerimientos que hace la ODIN son análogos a los de este Tribunal y deben atenderse con igual competencia y premura. In re Núñez Vázquez, supra. El Canon 9 de Ética Profesional, supra exige que los miembros de la profesión legal respondan oportuna y diligentemente a los requerimientos de este Tribunal y, en consecuencia, a los de la ODIN. In re Monroig Pomales, supra. En ese sentido, hemos sancionado rigurosamente la actitud de los abogados y las abogadas que se caracteriza por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos. In re Núñez Vázquez, supra. A tono con lo anterior, procede suspender del ejercicio de la abogacía o de la notaría a la persona que desatienda los requerimientos de este Tribunal y que

muestre indiferencia ante nuestros apercibimientos de imponer sanciones. Íd.

## III

Según expusimos, la deuda por deficiencias arancelarias en la obra notarial de la licenciada Malavé Haddock asciende a $28,907.00. La omisión de adherir los sellos correspondientes en los instrumentos públicos no solo implica una violación a los estatutos notariales, sino que además compromete la validez de un sinnúmero de negocios jurídicos que autorizó la notaria. Ello, además de constituir un fraude al erario, puede tener graves repercusiones para los otorgantes. Adicionalmente, surge del expediente que la ODIN señaló serias deficiencias sustantivas que también ponen en entredicho la validez de los negocios otorgados. La falta de firma de los comparecientes, la falta de firma de la notaria, y la debida encuadernación de los Protocolos son defectos que requieren diligencia y atención de la notaria para su corrección.

El proceso para subsanar la obra notarial de la licenciada Malavé Haddock comenzó hace más de un año. Le concedimos varias oportunidades y múltiples prórrogas para cumplir con los requerimientos de la ODIN y subsanar su obra. No obstante, la licenciada Malavé Haddock no ha sido diligente en el cumplimiento de esa obligación. Con ello ha demostrado una actitud pasiva y desinteresada que sin duda

demuestra que la notaria es incapaz de acatar los rigores de la Ley Notarial según le corresponde.

Debido a lo anterior, suspendemos inmediata e indefinidamente a la licenciada Malavé Haddock del ejercicio de la notaría. En consecuencia, se cancela automáticamente su fianza notarial. La fianza se considerará buena y válida por tres años luego de su terminación para efectos de los actos que realizó la licenciada Malavé Haddock durante el periodo en que la misma estuvo vigente. La obra notarial incautada permanecerá bajo la custodia de la ODIN. Se le ordena a la letrada que subsane los defectos de su obra protocolar, incluyendo la deficiencia arancelaria, en un término de sesenta (60) días. Dicho término se computará a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Asimismo, se le apercibe a la licenciada que, de incumplir con este término, se expone a sanciones ulteriores tales como ser suspendida indefinidamente del ejercicio de la abogacía y ser referida al Tribunal de Primera Instancia para un procedimiento de desacato.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Lcda. Wilma A. Malavé Haddock.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Wilma A. Malavé Haddock                    TS-15,501

SENTENCIA

En San Juan, Puerto Rico, a 9 de febrero de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida a la Lcda. Wilma A. Malavé Haddock del ejercicio de la notaría.

En consecuencia, se cancela automáticamente su fianza notarial. La fianza se considerará buena y válida por tres años luego de su terminación para efectos de los actos que realizó la licenciada Malavé Haddock durante el periodo en que la misma estuvo vigente. La obra notarial incautada permanecerá bajo la custodia de la Oficina de Inspección de Notarías. Se le ordena a la letrada que subsane los defectos de su obra protocolar, incluyendo la deficiencia arancelaria, en un término de sesenta (60) días. Dicho término se computará a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Asimismo, se le apercibe a la licenciada que, de incumplir con este término, se expone a sanciones ulteriores tales como ser suspendida indefinidamente del ejercicio de la abogacía y ser referida al Tribunal de Primera Instancia para un procedimiento de desacato.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Lcda. Wilma A. Malavé Haddock.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco hace constar la expresión siguiente:

"La Jueza Asociada señora Pabón Charneco disiente con el resultado. La Lcda. Wilma A. Malavé Haddock incumplió en reiteradas ocasiones con los requerimientos de la Oficina de Inspección de Notarías (ODIN). El Canon 9 de Ética Profesional, 4 LPRA Ap. IX., requiere que todos los miembros de la profesión legal cumplan de forma oportuna y diligente con las órdenes y los requerimientos emitidos por este Tribunal. Esta obligación también se extiende a todos los requerimientos que emita la ODIN. *In re Monroig Pomales*, 203 DPR 209, 212 (2019). Por lo tanto, soy del criterio que la licenciada Malavé Haddock debe ser suspendida del ejercicio de la abogacía y de la notaría. La licenciada Malavé Haddock no ha cumplido con nuestras Órdenes y no ha sido diligente en el cumplimiento de su obligación como notaria."

José Ignacio Campos Pérez
Secretario del Tribunal Supremo