EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------|
| Aníbal Acevedo Rivera | 2021 TSPR 67 |
| | 207 DPR _____ |


Número del Caso:  TS-10,601


Fecha:  17 de mayo de 2021


Sr. Aníbal Acevedo Rivera:

    Por derecho propio


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila de Jesús


Materia:  La suspensión será efectiva el 19 de mayo de 2021, fecha en que se le notificó al abogado de su suspensión inmediata de la notaría.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como  un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aníbal Acevedo Rivera

Conducta
Profesional

TS-10,601

PER CURIAM

En San Juan, Puerto Rico, a 17 de mayo de 2021.

Una vez más nos corresponde ejercer nuestra jurisdicción disciplinaria sobre un integrante de la profesión legal por su incumplimiento con la Ley Notarial de Puerto Rico, infra, el Reglamento Notarial de Puerto Rico, infra, y con los Cánones del Código de Ética Profesional, infra, así como con los requerimientos de la Oficina de Inspección de Notarías y con nuestras órdenes relacionadas con su función notarial.

I

El Lcdo. Aníbal Acevedo Rivera fue admitido al ejercicio de la abogacía el 3 de enero de 1993 y al

ejercicio de la notaría el 9 de febrero de 1994. El 6 de febrero de 2019, el entonces juez Hon. Héctor Conty Pérez, del Tribunal de Primera Instancia, Sala Superior de Aguadilla, nos refirió una Resolución y Orden del caso civil número A DP2016-0040, Víctor M. Jiménez Pellot et al., v. Coca-Cola Bottling Company P.R. et al., para que evaluáramos la conducta ética del licenciado Acevedo Rivera. En síntesis, el letrado autorizó una Escritura de Emancipación de un menor codemandante, en el mismo caso en el que representaba a la parte demandante. Además, recibió una cantidad de dinero que constituyó el 33% del total de la transacción sin haber solicitado la autorización de pago de honorarios en exceso al 25% con relación al codemandante, quien era menor de edad al momento de la presentación de la demanda.

Referimos este asunto a la Oficina de Inspección de Notarías (ODIN) y a la Oficina del Procurador General. El 20 de octubre de 2019, el Lcdo. Manuel A. Ávila De Jesús, Director de ODIN, presentó su informe. Concluyó que el promovido infringió la Regla 5 del Reglamento Notarial, infra, al actuar como notario autorizante de un instrumento público que fue objeto de un pleito legal en el cual ostentaba la representación legal de la parte demandante; el Canon 24 del Código Ética Profesional, infra, al obviar reducir a escrito un contrato de servicios profesionales que delimitara las responsabilidades profesionales pactadas y el Canon 38 del Código de Ética Profesional,

infra. Sin embargo, en vista de que era su primera falta en veinticinco (25) años como abogado, recomendó que este fuera amonestado y que se archivara la queja relacionada al AB-2019-0022. Por su parte, el 1 de julio de 2020 el Procurador General presentó su informe y recomendó que el licenciado Acevedo Rivera fuera censurado. Visto esto, concedimos un término al licenciado Acevedo Rivera para que se expresara en torno a los informes. El abogado no compareció en esa ocasión. Luego, le concedimos quince (15) días para que compareciera y mostrara causa por la cual no debía ser separado del ejercicio de la notaría.

En esa ocasión, el abogado compareció y planteó que debido a los terremotos y la pandemia no presentó los índices notariales a tiempo y se comprometió a cumplir. Además, se disculpó y solicitó que no se le separara del ejercicio de la notaría. Tras esa comparecencia, el 22 de diciembre de 2020 archivamos mediante Resolución la Queja Núm. AB-2019-0022, no sin antes **censurar enérgicamente al licenciado Acevedo Rivera y apercibirle que una conducta similar en el futuro podría dar lugar a sanciones más severas**. Asimismo, referimos el escrito presentado por el licenciado Acevedo Rivera a la ODIN para que nos rindiera un informe sobre el cumplimiento del notario con la presentación de los índices notariales.

Sin embargo, antes de que la ODIN rindiera su informe, el abogado compareció e informó que sometió todos los índices notariales pendientes. Días más tarde, la ODIN

compareció mediante *Moción en cumplimiento de orden e informe especial*. Nos informó que **durante el período que comprende desde enero de 2019 a diciembre de 2020, el licenciado Acevedo Rivera presentó de forma tardía un total de diecisiete informes mensuales de actividad notarial, esto es, 70.83% de los informes**. En vista de ello, recomendó suspender al licenciado Acevedo Rivera del ejercicio de la notaría por un período de dos meses, debido al reiterado patrón de incumplimiento del letrado en la presentación a tiempo de los Informes de Actividad Notarial.

En esa ocasión, concedimos un término corto de diez días al licenciado Acevedo Rivera para que se expresara oficialmente en cuanto al informe que presentó la ODIN. Transcurrió el término y el abogado no compareció. En vista de ello, concedimos nuevamente un término final e improrrogable de diez días para que el letrado se expresara oficialmente sobre el informe que presentó la ODIN. Además, **le apercibimos que su incumplimiento podría conllevar sanciones, incluyendo la suspensión del ejercicio de la notaría.** En esta ocasión el letrado compareció transcurrido el término. Levantó como justificación que no cuenta con una secretaria y que los terremotos y la pandemia alteraron el funcionamiento de su oficina.

II

Todo notario está inexorablemente vinculado al estricto cumplimiento de la Ley Notarial de Puerto Rico,

4 LPRA sec. 2001 et seq., el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXI-B, y el Código de Ética Profesional, 4 LPRA Ap. IX.

El Artículo 12 de la Ley Notarial, supra, impone a los notarios el deber de remitir a la ODIN un índice sobre sus actividades notariales mensuales no más tarde del décimo día calendario del mes siguiente al informado. Por su parte, la Regla 12 del Reglamento Notarial, supra, elabora los requisitos de los referidos índices y reitera las facultades del director de la ODIN con relación a las remisiones tardías. Asimismo, el Artículo 13-A de la Ley Notarial, supra, establece la obligación de los notarios de remitir a la ODIN, no más tarde del último día de febrero del año siguiente, el Informe Estadístico Anual de los documentos notariales autorizados durante el año precedente. El director de la ODIN tiene iguales facultades en relación con las remisiones tardías de estos informes. Véase, Regla 13 del Reglamento Notarial, supra.

El proceso de preparar y remitir los correspondientes informes notariales es sencillo y no requiere destrezas o conocimientos especiales. In re Feliciano Lasalle, 175 DPR 110, 114 (2009). Recae sobre los notarios diseñar el método que les sea más adecuado para asegurarse de cumplir a cabalidad con esta obligación. Íd. El ejercicio de la notaría requiere un grado razonable de organización administrativa, supervisión, responsabilidad y conciencia pública. In re Monroig Pomales, 202 DPR 576, 583 (2019).

En la medida en que el notario no pueda cumplir íntegramente con las obligaciones que le imponen la Ley Notarial y su Reglamento, "en el ejercicio de su honestidad profesional, [debe] abstenerse de practicar el notariado" In re Feliciano Lasalle, supra, pág. 115.

Por último, hemos afirmado que no son aceptables como justificación para la remisión tardía de los informes notariales la ausencia de obra notarial, irregularidades en la oficina y con los subalternos sin sustentarlo debidamente, asuntos personales y familiares, la excusa de la ineficiencia del asistente administrativo o lo voluminoso de la obra notarial, entre otros. Véanse, In re Miranda Casasnovas, 175 DPR 774 (2009); In re Jusino López; 145 DPR 52 (1998); In re Cruz Ramos; 127 DPR 1005 (1991); In re Bray Leal, 137 DPR 816 (1995); In re Odell Peck, 137 DPR 461 (1994).

III

El Código de Ética Profesional incorpora las normas de conducta que deben exhibir los miembros de la profesión de la abogacía en el desempeño de sus funciones. In re Candelario Lajara, 197 DPR 722, 725 (2017). Específicamente, el Canon 9 de Ética Profesional, supra, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Por esto, se le requiere responder diligentemente a las órdenes y los requerimientos de este Tribunal. Véanse, In re Eileen Guzmán, 2020 TSPR 159, 205

DPR __ (2020); In re Salas González, 193 DPR 387, 392-393 (2015). El deber ineludible de cumplir pronta y diligentemente con las órdenes que emite este Tribunal incluye cumplir con los requerimientos de la ODIN. In re: José F. Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020); In re Arocho Cruz, 200 DPR 352, 361 (2018).

Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, así como ante los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9. In re Plaza Acevedo, 203 DPR 632, 643 (2019); In re Colón Collazo, 196 DPR 239, 242 (2016). Cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias se expone a la suspensión del ejercicio de la profesión. Véanse, In re Ruiz Fontanet, 201 DPR 663, 666 (2019); In re Prado Rodríguez, 190 DPR 361 (2014).

IV

El licenciado Acevedo Rivera tenía un marcado patrón de incumplimiento en una responsabilidad tan sencilla como lo representa la presentación de los informes de actividad notarial mensual dentro de los términos provistos. Sus justificaciones no nos convencen. El abogado no nos pudo explicar cómo pudo autorizar instrumentos públicos y legitimar documentos durante ese periodo de tiempo, pero tuvo inconvenientes en presentar los correspondientes

informes de actividad notarial ante la ODIN dentro de los términos dispuestos en la Ley Notarial y su Reglamento.

Además, el patrón de incumplimiento del notario comenzó en enero del 2019, esto previo a los eventos telúricos que ocurrieron a inicios del 2020 y la pandemia del Covid 19, por lo que esto no le sirve de justificación. Cabe destacar que el 16 de marzo de 2020, mediante la Orden Administrativa OAJP-2020-061, extendimos los términos para presentar los informes mensuales de actividad notarial correspondientes a los meses de marzo y abril de 2020 hasta el viernes, 22 de mayo de 2020. Esta Orden fue debidamente notificada a todos los notarios activos mediante correo electrónico.

En la Resolución donde archivamos el proceso disciplinario de la Queja AB-2019-022, censuramos de manera enérgica al licenciado Acevedo Rivera por infringir la Regla 5 del Reglamento Notarial, así como los Cánones 24 y 38 del Código de Ética Profesional y le apercibimos que una conducta similar en el futuro podría dar lugar a sanciones más severas. Tomando esto en consideración procede la suspensión del licenciado Acevedo Rivera del ejercicio de la notaría por un periodo de dos meses.

V

Por los fundamentos expuestos, se ordena la suspensión inmediata del Lcdo. Aníbal Acevedo Rivera de la práctica de la notaría por el término de dos meses.

La Oficina del Alguacil de este Tribunal inmediatamente incautará la obra protocolar y el sello notarial del licenciado Acevedo Rivera y los entregará a la Oficina de Inspección de Notarías para la investigación e informe correspondientes. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Acevedo Rivera durante el periodo en que la fianza estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al Lcdo. Aníbal Acevedo Rivera. El recibo de dicha notificación será confirmado por vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        Conducta
                                        Profesional
Aníbal Acevedo Rivera
                          TS-10,601


SENTENCIA


En San Juan, Puerto Rico, a 17 de mayo de 2021.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, se ordena la suspensión inmediata del Lcdo. Aníbal Acevedo Rivera de la práctica de la notaría por el término de dos meses.

La Oficina del Alguacil de este Tribunal inmediatamente incautará la obra protocolar y el sello notarial del licenciado Acevedo Rivera y los entregará a la Oficina de Inspección de Notarías para la investigación e informe correspondientes. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Acevedo Rivera durante el periodo en que la fianza estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al Lcdo. Aníbal Acevedo Rivera.  El recibo de

dicha notificación será confirmado por vía telefónica.

    Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez suspendería al Lcdo. Aníbal Acevedo Rivera del ejercicio de la notaría por un término de tres (3) meses.




                        José Ignacio Campos Pérez
                        Secretario del Tribunal Supremo